The State v. Wood.

---

# THE STATE v. WOOD, *Appellant.*

### Division Two, November 5, 1894.

1. **Criminal Practice**: FELONIOUS ASSAULT: INDICTMENT. An indictment for assault with intent to kill which charges that the defendant committed the assault feloniously, on purpose, with malice aforethought "with the intent then and there him, the said S. on purpose and of his malice aforethought to kill and murder" sufficiently charges the felonious character of the offense.

2. ———: ———: ———. It was not necessary that the indictment should conclude with the words "with intent feloniously to kill."

3. ———: ———: EVIDENCE: ANOTHER AFFRAY. On the trial the evidence showed that the person assaulted was standing unarmed in his own yard talking to a third person, that defendant approached within shooting distance by creeping along the yard fence and that at the time of the firing of the shot the person shot, on the advice of his companion, had started to go into his house. *Held,* that evidence of a prior difficulty which occurred between the same parties on the same day was inadmissible.

4. ———: ———: LOWER GRADE OF CRIME: INSTRUCTIONS. Where, on such trial, the evidence fully establishes an assault on purpose with malice, aforethought and with a deadly weapon, it is not error to refuse to instruct on a lower grader of crime.

5. ———: IMPEACHING VERDICT: AFFIDAVIT OF JUROR. A verdict in a criminal case can not be impeached by the affidavit of a juror that the term of defendant's imprisonment was fixed by each juror writing on a piece of paper the number of years he was in favor of and dividing the aggregate by twelve.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Wm. R. Young* for appellant.

(1) The indictment does not charge that the assault complained of was made with a felonious intent, nor with an intent feloniously to kill. For that reason, it is defective. *State v. Clayton*, 100 Mo. 516; *State v. Davis*, 26 S. W. Rep. 568; 3 Chitty's Crim. Law, p. 828; 2 Bishop's Crim. Proc., secs. 77, 651, 652, 653, 654. (2) In the approved indictments since *State v. Clayton*, the intent has been charged "to feloniously kill." *State v. Elvins*, 101 Mo. 243; *State v. Doyle*, 107 Mo. 36. (3) The approved indictments for assault with intent to rape or rob aver the intent to be felonious. *State v. Wray*, 109 Mo. 594; 2 Bishop's Crim. Proc. [2 Ed.], secs. 81, 84, 85. (4) The court erred in refusing to permit defendant to introduce evidence concerning the former difficulty on the same day. (5) The court also erred in omitting to give an additional instruction so as to permit the jury to convict the defendant, if they saw proper, under section 3490. (6) The court further erred in refusing a new trial on account of the misconduct of the jury in reaching a verdict.

*R. F. Walker*, Attorney General, for the state.

(1) The only question requiring serious consideration in this case is the sufficiency of the indictment

against the defendant—the position of the appellant evidently being that the indictment is fatal because of the failure to charge the felonious intent. It is, however, respectfully contended that the felonious intent is sufficiently charged under this indictment, the indictment reciting that the assault and shooting were feloniously committed; hence it became unnecessary to repeat the word feloniously immediately preceding the word intent. This contention is supported by the following cases. *State v. Comfort*, 5 Mo. 357; *State v. Chandler*, 24 Mo. 371; *State v. Seward*, 42 Mo. 206; *State v. Webster*, 77 Mo. 566; *State v. Smith*, 80 Mo. 516; *State v. Jones*, 86 Mo. 623. In *State v. Webster* and *State v. Jones*, *supra*, indictments are identical with the one in question and both were expressly approved by this court. In the *Jones case*, SHERWOOD, J., says: "The indictment is in all respects sufficient and conforms to the section of the statute on which it is bottomed." (2) The instructions in this case correctly declare the law. No error was committed by the trial court in the admission or exclusion of testimony. The defendant has been fairly tried and the judgment of conviction should be affirmed.

GANTT, P. J.—This is an appeal from the Lincoln circuit court. The indictment is in the following words:

"STATE OF MISSOURI, } ss.
County of Lincoln. }

"In the circuit court of Lincoln county, Missouri, at the spring term, A. D. 1893.

"The grand jurors for the state of Missouri duly impaneled, sworn and charged to inquire within and for the body of the county of Lincoln and state of Missouri, upon their oath charge and present that

Robert Wood on or about the eighth day of January, A. D. 1893, at the county of Lincoln in the state of Missouri, in and upon one William Shannon, feloniously, on purpose and of his malice aforethought, did make an assault, and did, then and there, on purpose, and of his malice aforethought feloniously shoot him, the said William Shannon in and upon the back of the head and neck, of him the said William Shannon, with a certain shotgun loaded with powder and leaden balls as aforesaid, he, the said Robert Wood, then and there in both his hands had and held, with the intent, then and there, him the said William Shannon on purpose and of his malice aforethought, to kill and murder, against the peace and dignity of the state.

"EDGAR B. WOOLFOLK,
"Prosecuting Attorney Lincoln County, Mo."

The prisoner was convicted and sentenced to the penitentiary for a term of four years. The errors assigned for reversal will be considered in the order of appellant's brief.

I. The defendant challenged the sufficiency of the indictment, both by his motion to quash, and in his motion in arrest of judgment, for the reason that it failed to charge that the assault complained of was committed *with a felonious intent, or with an intent feloniously to kill.*

The indictment is sufficient. It specifically charges the assault to have been committed feloniously, on purpose, and with malice aforethought "with the intent then and there the said William Shannon, on purpose and of his malice aforethought to kill and murder." It was decided as early as the case of the *State v. Comfort* (1838), 5 Mo. 357, that in an indictment under the section under which this indictment was preferred, it was unnecessary to conclude with the words "with intent feloniously to kill," but that it was sufficient to

aver "with intent to kill." The ruling in that case was followed in *State v. Chandler*, 24 Mo. 371. And this indictment is in the identical form expressly approved in *State v. Jones*, 86 Mo. 623 and *State v. Webster*, 77 Mo. 566. The intent averred is that denominated by the statute itself, and *ex vi termini* includes the felonious intent required to charge a felony and could not have appeared any more clearly by the unnecessary repetition of the word "feloniously."

II. There was no error in excluding the evidence concerning a previous difficulty which had occurred on the same day between defendant and William Shannon. After that difficulty they separated and Shannon went to his home and was standing, unarmed, in the yard to his dwelling house, talking to the witness Finley. The defendant was seen by Finley stealthily creeping along the yard fence, with a double-barrelled gun in his hands. Finley advised Shannon he had better go into the house, and Shannon immediately started to do so, when the defendant Woods shot him in the back of the head. Defendant, at one time, stated this was an hour after the first difficulty, and at another that it was only a few minutes, or so long only as was necessary for him to go to his home a half mile distant, get his gun, and then creep up the fence to Shannon's house to shoot him. Under the circumstances the former difficulty was no justification of his conduct, and the court correctly excluded it.

III. There was nothing in the evidence calling for an instruction on the lower grade for an assault to kill, under section 3490. The evidence fully established a case of an assault, on purpose, and with malice aforethought, and with a deadly weapon, and under such circumstances the court should not invite the jury to find for a lower grade than is made by the evidence.

IV. The court properly refused to receive the affidavit of the juror to impeach his verdict by showing that the different jurors each placed the number of years for defendant's imprisonment on a piece of paper, and then added the several numbers and divided the sum by 12 to determine his punishment. The paper was not even found in the jury room, and, if it had been, with no other explanation, it would not impeach the verdict, and, excluding this juror's affidavit, there was none. The judgment is affirmed. All of this division concur.