# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

OCTOBER TERM, 1896.

---

(*Continued from Volume 135.*)

---

THE STATE v. NORMAN, *Appellant.*

Division Two, November 20, 1896.

**Criminal Law**: FELONIOUS ASSAULT: INDICTMENT. An indictment for a felonious assault must charge that the assault was made with felonious intent, otherwise it will be fatally defective.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*Webster Gordon* for appellant.

The assault attempted to be charged in this case, being a felony, it was indispensable that the indictment should charge that the act, to wit, the assault, was done with a felonious intent, which it fails to do, hence is fatally defective. *State v. Wood*, 124 Mo.

State v. Norman.

412; *State v. Fairlamb*, 121 Mo. 137; *State v. Clayton*, 100 Mo. 516; *State v. Herrill*, 97 Mo. 105; *State v. Emerich*, 87 Mo. 110; 2 Bishop, Crim. Proc., secs. 79, 651, 653. The assault, coupled with the intent, constitutes the felony. *State v. Doyle*, 107 Mo. 36; Bishop's Crim. Law [6 Ed.], sec. 206. In an indictment for a felony nothing material shall be taken by intendment or implication. *State v. Green*, 111 Mo. 585; *State v. Myers*, 99 Mo. 107.

*R. F. Walker*, attorney general, for the state.

This case must be reversed because the indictment is defective in not charging that the assault was with a felonious intent.. *State v. Clayton*, 100 Mo. 519.

SHERWOOD, J.—The defendant, a negro, was indicted for shooting one Fred. Johnson, another son of Ham, in the back with a pistol, and being tried was found guilty and his punishment assessed at two years in the penitentiary. From judgment and sentence on the verdict he appeals to this court.

The substantial portion of the indictment is the following:

"Ev. Norman, late of the county aforesaid, on the twenty-first day of July, 1894, at the said county of Boone, state aforesaid, in and upon one Fred. Johnson, in the peace of the state then and there being unlawfully and feloniously an assault did make, and that the said Ev. Norman did then and there with force and arms, unlawfully and feloniously with a pistol then and there loaded with gunpowder and leaden balls, which pistol he, the said Ev. Norman, in his hand then and there had and held did unlawfully and feloniously shoot off, to, against, and upon the said Fred. Johnson, whereby the said Fred. Johnson was then

and there greatly wounded, his life endangered, and received great bodily harm against the peace and dignity of the state.

"J. L. STEPHENS,
"Prosecuting Attorney.

"A true bill.

"L. T. HENRY,
"Foreman of Grand Jury."

The attorney general admits the indictment insufficient, because of not charging that the assault was made with a felonious intent. Correct. *State v. Clayton,* 100 Mo. 516, and cases cited; *State v. Fairlamb,* 121 Mo. 137; *State v. Wood,* 124 Mo. 412.

The insufficiency of the indictment renders the decision of any other question unnecessary. Judgment reversed and cause remanded. All concur.