THE STATE v. BARTON, *Appellant.*

Division Two, February 1, 1898.

1. **Criminal Law:** INDICTMENT: ASSAULT WITH INTENT TO KILL. Defendant was indicted for making an assault upon another with intent to kill and murder. The indictment is set out in the opinion and is *held* to be substantially correct.

2. **Assault:** INTENT: CASES DISTINGUISHED. This case differs from *State v. Norman*, 136 Mo. 1, as in this case the intent is plainly charged in the indictment, while in that no such intent was alleged.

3. ———: APPEAL: CONFLICT IN EVIDENCE. Where there is a conflict of evidence in a criminal trial it is the province of the jury to determine the truth of the matter, and the Supreme Court will not disturb the verdict on that account.

4. ———: INSTRUCTIONS: FELONIOUSLY. It is not error to use the words "felonious" or "feloniously" in an instruction without defining the same. (Overruling *State v. Brown*, 104 Mo. 365; *State v. Hayes*, 105 Mo. 76; *State v. Johnson*, 111 Mo. 576.) Nor in this case was it prejudicial error to erroneously define the words.

5. ———: USE OF "FELONIOUSLY" IN INSTRUCTIONS. The word "feloniously" is employed to *classify* offenses, and is not a distinct element of the crime. If the facts proved establish a felony; the crime was "feloniously" committed.

6. **Assault with Intent to Kill:** INSTRUCTIONS FOR LESSER CRIME. Where the evidence on the part of the State in a trial for assault with intent to kill establishes that grade of assault and no other, and the evidence on the part of defendant tended to prove a clear case of self-defense, it is not error to fail to instruct on a lower grade of assault.

7. ———: UNTIMELY EXCEPTIONS TO INSTRUCTIONS. The defendant having failed to except to the failure of the court to instruct on all the law arising in the case at the time of giving the instructions, the Supreme Court will not consider this objection on appeal.

*Appeal from Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Charles G. Singleton* and *L. N. Dempsey* for appellant.

(1) The crime attempted to be charged was not established. The evidence in this record does not show the felonious intent of the defendant, nor does it disclose any facts or circumstances from which a felonious intent could be fairly drawn. (2) The word "feloniously" is used twice in the second instruction, and no light whatever thrown on the meaning of the word, nor any attempted explanation of its meaning. The word "felonious," if used in an instruction, should be defined. *State v. Johnson*, 111 Mo. 583; *State v. Hayes*, 105 Mo. 85; *State v. Brown*, 104 Mo. 371; Kelley's Crim. Law [2 Ed.], sec. 390. (3) The court should have instructed on lower grades of assault in this case under the evidence and law, but confined the instructions to section 3489, Revised Statutes 1889. *State v. Reynolds*, 126 Mo. 521; *State v. Buchler*, 103 Mo. 208. (4) The indictment contradicts itself and is repugnant in this, that the first count charges the striking to have been done with a piece of iron, and the second count of said indictment charges the striking to have been

done with a stone, and the third count charges the striking to have been done with a piece of wood, and the fourth count of said indictment charges the striking to have been done with a large and heavy instrument to the grand jurors unknown. (5) Indictment does not charge the striking to have been done with a felonious intent, and is fatally defective. *State v. Norman*, 136 Mo. 3.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) While it perhaps would have been better to have defined the term "feloniously," as used in the instruction, yet as it was not necessary to have used it, it is not reversible error to have failed to define it. In ordinary sense it is but descriptive of the grade of the offense and is only one of the means by which a felony is designated and distinguished from a misdemeanor. In this case defendant was in nowise prejudiced by the use of the word in the instructions, nor in the court's failure to define it. *State v. Scott*, 109 Mo. 232. We are not contending that it is unnecessary to instruct the jury as to what facts are required to constitute the act a felonious one, but when those facts and requirements are fully and properly presented to the jury in an intelligent manner, the instructions are complete. It will be found that all that is included, intended or needed in or by the word "feloniously" will be found fully explained, defined and contained in other instructions. *State v. Johnson*, 111 Mo. 578; *State v. Snell*, 78 Mo. 242. (2) Objection to the court's failure to instruct on all points authorized by the evidence in the case must be made at the time the instructions are being given to the jury by the court; and this point can not be raised by the defendant unless at the time

the failure occurs to instruct the jury, the objection thereto be made and exceptions' thereto saved as to such failure. *State v. Nelson*, 132 Mo. 196; *State v. Paxton*, 126 Mo. 515; *State v. Frazier*, 137 Mo. 342.

SHERWOOD, J.—The defendant, a negro, appeals from a conviction of assault with intent to kill, his punishment being assessed at imprisonment in the penitentiary for the term of three years. The prosecution is based on section 3489, Revised Statutes 1889.

1. One count in the indictment reads as follows: "The grand jurors aforesaid, on their oath aforesaid, do charge and present that George Barton, on the 29th day of October, A. D. 1896, at and in the county of Chariton and State of Missouri, in and upon one Peter Miller, feloniously, on purpose and of his malice aforethought, did make an assault, and then and there, on purpose and of his malice aforethought, feloniously assault, beat and wound him, the said Peter Miller, with a large and heavy stone of the weight of five pounds, which was then and there a dangerous and deadly weapon, likely to produce death and great bodily harm, which said stone he, the said George Barton, then and there had and held in his right hand with intent then and there him, the said Peter Miller, on purpose and of his malice aforethought, feloniously to kill and murder, against the peace and dignity of the State." This indictment uses the statutory terms, and substantially follows approved forms. 1 Archbold, Crim. Proc., Pl. and Ev. [8 Ed.] 885; 3 Chitty, Crim. Law, 828; Kelley's Crim. Law, sec. 576. The intent is plainly charged in the indictment and in this respect the instrument pointedly differs from the one in *State v. Norman*, 136 Mo. 1, where no such intent was alleged.

2. The State's version of the affair, and supported

by evidence, was the following: Peter Miller, the prosecuting witness, lived on a farm four miles south of Dalton, Chariton county, Missouri. On the evening of the twenty-ninth day of October, 1896, he, in company with one John Redman, went to the town of Dalton for their mail. On reaching the town they were told that someone was going to make a political speech on the train at the depot that evening. They concluded to remain in town until after the speaking. On walking toward the depot where a crowd had congregated, and a number of whom were hallooing for their favorite candidates, Miller commenced hallooing for *Bryan*, and as he reached the depot platform the defendant said to him, "Shut your mouth." He replied to him that he did not have to shut his mouth, whereupon defendant said, "Shut your mouth, or I will kick it shut." That was all that was said and done before the speaking. After the speaking was over and the train had gone, Miller went over on the platform and was talking to Redman about leaving for home. He passed along down the platform to a drug store a short distance away, and in a few minutes came back where the crowd was standing, and the defendant, standing over next to the street by a post, remarked to him, "Here I am, God damn you." Miller replying to him said; "Barton, I don't want any trouble with you, come up where the boys are, and we will settle it without any trouble." No sooner had he said this than Barton, turning himself around, hit him with a rock or a brick bat, making a serious wound upon his head and face, from which he became unconscious and remained so thirty-six hours.

There was evidence on part of defendant showing that Miller was the aggressor and had attempted to cut defendant with a knife at the time defendant struck him. From this conflict in the evidence it belonged

to the jury and was their exclusive province to determine the very truth and right of the matter; this they have done by their verdict.

3.    The instructions were, speaking in a general way, very full and fair to defendant, including the doctrine of self-defense.   On several occasions it has been said the use of the word "felonious" or "feloniously" in an instruction, without defining the term, renders the instruction erroneous.   *State v. Brown*, 104 Mo. 365; *State v. Hayes*, 105 Mo. 76; *State v. Johnson*, 111 Mo. 578.

In an earlier case, however, it was said that "the second instruction for the State defined the word 'feloniously' to mean 'wrongful, without just cause or excuse, not 'accidental.'   The definition of the word is certainly incorrect, but there was no necessity for defining it.   It is employed to classify offenses and is not a distinct element of the crime.   If the facts proved established a felony, then the crime was committed 'feloniously;' if they established a misdemeanor, the offense was not feloniously committed.   A correct definition of the word could not have aided the jury in their deliberations, nor could the incorrect definition, in this instance, possibly have prejudiced the defendant's case, or put an obstacle in the way of the jury to a proper verdict on the law and the facts."   *State v. Snell*, 78 Mo. 240.

Now if it was not prejudicial error erroneously to define "feloniously," certainly it should not be regarded as detrimental error to fail to define it at all.   In a somewhat recent case we held that the use of the word without definition in an instruction was not error.   We adhere to our later ruling.

4.    Relative to the contention that the court should have instructed upon a lower grade of assault than the one embraced in the instructions given, it suffices to

say that we find no evidence to warrant such an instruction, because if the evidence on behalf of the State was true, an instruction on no lower grade of assault was admissible. *State v. Musick,* 101 Mo. 260; if, on the other hand, the evidence on behalf of defendant was true, it established a clear case of self-defense, and if believed by the jury, he should have gone acquit on that ground. Besides, the failure of defendant to except to the supposed failure of the court to instruct on all questions, etc., precludes any examination into such alleged judicial dereliction. Considering the premises, we affirm the judgment. All concur.