## THE STATE v. CHES. CURTNER, Appellant.

**Division Two, November 24, 1914.**

1. **ASSAULT: Decree: Instruction.**   Section 4482, Revised Statutes 1909, does not purport to include any class of assaults except those for which no punishment has been prescribed by preceding sections, and as the crime of assault with intent to kill by shooting at a human being is specifically prohibited and the punishment therefor prescribed by section 4481, it is not error to decline to instruct upon the crime of assault denounced by section 4482 where defendant is charged with the offense denounced by section 4481.

2. **IMPEACHMENT OF WITNESS: Statement out of Court.** Statements made by a witness out of court in conflict with his testimony for the State cannot be used to contradict or impeach the witness unless he is asked while giving his testimony if he made the alleged contradictory statements.

3. **EXCLUSION OF EVIDENCE: Cured by Subsequent Examination.** Error in excluding evidence of the details of a difficulty between defendant and the prosecuting witness prior to the shooting, is cured by the adroitness of defendant's counsel in eliciting from the witnesses offered the full details of the prior difficulty.

4. **EXHIBITING WOUNDS TO JURY.**  It is not error to permit the prosecuting witness to exhibit his wounds to the jury, in a prosecution for assault with intent to kill by shooting with a shotgun, whereby said witness lost his eyesight.  Such evidence may tend to create prejudice in the minds of the jury, but they have a right to know the result of the assault as an aid in arriving at the proper punishment to be fixed.

5. **EXCESSIVE PUNISHMENT.**  A verdict assessing defendant's punishment at seven years' imprisonment in the penitentiary for an unprovoked assault with intent to kill, where after a quarrel in the public road with the drunken prosecuting witness he bought shells, borrowed a shotgun, and shot him in the face, as a result of which he lost his eyesight, does not indicate such malice or prejudice on the part of the jury as authorizes a new trial.

Appeal from Pemiscot Circuit Court.—*Hon. Frank Kelly*, Judge.

State v. Curtner.

Affirmed.

*A. L. Oliver* for appellant.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) When an instruction is desired on a particular subject, the trial court's attention should be directed specifically to its failure to instruct thereon. State v. Groves, 194 Mo. 458; State v. McCarver, 194 Mo. 742; State v. Conway, 241 Mo. 288. (2) This court cannot review instructions if no exception is saved at the time by the defendant to action of the trial court in overruling his motion for a new trial. State v. Penland, 199 Mo. 154; State v. Irwin, 171 Mo. 558; State v. Harvey, 105 Mo. 316. (3) Where, as in this case, the evidence on the part of the State, if true, shows an assault with intent to kill, with malice aforethought, and the evidence of defendant, if true, establishes a case of self-defense it is not error to fail to instruct on a lower grade of assault. State v. Robb, 90 Mo. 34; State v. Schloss, 93 Mo. 366; State v. Musick, 101 Mo. 270; State v. Doyle, 107 Mo. 42; State v. McGuire, 113 Mo. 675; State v. Johnson, 129 Mo. 30; State v. Barton, 142 Mo. 455; State v. Grant, 144 Mo. 67; State v. Drumm, 156 Mo. 220; State v. Higgerson, 157 Mo. 402; State v. Bartlett, 209 Mo. 406; State v. Myers, 221 Mo. 615. (4) It was competent to show that there had been a former difficulty between the parties, but the details thereof, are not admissible. It is not competent to go into the character of a difficulty so far removed from the difficulty as to be a separate one. Threats made during a prior difficulty are admissible. State v. Hale, 238 Mo. 508; State v. Birks, 199 Mo. 275; State v. Heath, 237 Mo. 272; State v. Heath, 221 Mo. 595. (5) Threats made by defendant against the prosecuting witness are competent to show malice

on the part of defendant toward the witness at the time of the shooting. State v. Whitsett, 232 Mo. 528; State v. Bailey, 190 Mo. 284. (6) Appellant in this case was guilty of an assault to kill and it is a great wonder that a more severe punishment was not assessed against him. He made preparation to kill the prosecuting witness, and had the shotgun been charged with larger shot, would undoubtedly have succeeded.

BROWN, J.—Adjudged to serve a term of seven years in the penitentiary for assaulting with intent to kill one Lonnie Howell, defendant appeals to this court.

On February 9, 1912, defendant met Lonnie Howell and his father-in-law, Bud Rockett, at the town of Braggadocio, Missouri. All these parties lived on nearby farms and had walked to town. A heavy snow was falling.

Howell and Rockett became drunk and talked and acted boisterously. They engaged in a quarrel with defendant because the latter made some remark about their being drunk when one of them fell in the snow.

Howell cursed defendant and threatened to shoot him unless he shook hands and made friends. There is no evidence that any of the parties were armed at that time, though there is some evidence that Howell placed his hand in his pocket as if to draw a revolver at the time he made the threat before mentioned. After shaking hands with defendant, Howell and Rockett started home slowly, staggering along the road arm in arm.

According to the testimony on behalf of the State, as soon as Howell and Rockett left town, defendant, who was sober, went into a store and called for shotgun shells; on being informed that the merchant had none except those loaded with number eight shot, defendant remarked that he wanted larger shot, but, being in a hurry, would take ten cents worth of the shells

offered to him. He received three shells loaded with number eight shot.

Immediately after procuring the shells defendant went to the home of his sister, a few blocks distant, to borrow a gun. To her he was heard to say, "I'll shoot him if I have to borrow a gun." Failing to procure a gun at the home of his sister, defendant visited two other parties in Braggadocio, where he made unsuccessful attempts to borrow a shotgun.

He then followed Howell and Rockett down the road at a rapid gait. While Howell and Rockett were walking around a wagon which they met in the road, defendant, apparently unobserved, ran around the opposite side of the wagon and got ahead of them.

After going a short distance further defendant went into the home of one Hatley, where he again asked to borrow a shotgun. Hatley's boy replied that he had a Winchester shotgun, but that he intended to use it hunting rabbits as soon as he could go to town and get some shells. To this statement defendant replied that there was a rabbit out on the road between Hatley's house and town which he wanted to kill.

Defendant and young Hatley then loaded the shotgun with defendant's three shells and started to town, Hatley carrying the gun. After going a very short distance they met Rockett and Howell, and, when they were about thirty feet from the latter, defendant took the gun from the Hatley boy, and, without saying a word, shot Howell in the face, inflicting severe wounds and completely destroying his eyesight. Howell testified that he had his hat pulled down over his eyes to keep out the drifting snow and did not know that defendant was within a mile of him when the gun was fired. Defendant testified that just before he shot Howell the latter ran his hand in his hip pocket and said, "I'll get him now." There was some evidence tending to corroborate defendant, but the great pre-

ponderance of testimony indicates that the shooting was done deliberately and without provocation.

Defendant's counsel has not favored us with a brief, but an inspection of the record discloses the fact that he relies for reversal upon alleged errors hereinafter noted.

## OPINION.

I. Defendant insists that the court erred in not instructing the jury upon the crime of assault as denounced by section 4482, Revised Statutes 1909. That section does not purport to denounce any class of assaults except those for which no punishment had been prescribed by preceding sections of the statute, and as the crime of assault with intent to kill by shooting at a human being had been specifically prohibited, and a punishment therefor prescribed by section 4481, the court properly refused to instruct the jury that they might find defendant guilty under any other section of the statute or of any other class of assault. Under the evidence he was either guilty as charged under section 4481, or his act was justified on the ground of self-defense.

**Degree of Assault.**

II. Defendant also complains that error was committed in excluding evidence tending to prove that the State's witness Rockett had made statements out of court which conflicted with his testimony as given upon the trial. This evidence was properly excluded, because the witness thus sought to be impeached had not, while giving his evidence, been asked if he made the alleged contradictory statements. [Kelley's Criminal Law and Procedure (3 Ed.), sec. 385; 1 Greenleaf on Evidence (15 Ed.), sec. 462; State v. Devorss, 221 Mo. 469, l. c. 474.]

**Witness: How Impeached.**

III. A further assignment of error relates to the action of the court in excluding evidence of the details of a quarrel and difficulty which occurred between defendant and the prosecuting witness on the day the shooting occurred. If the exclusion of this evidence was error it was completely cured in a subsequent part of the trial by the adroitness of defendant's learned counsel in eliciting from the witnesses offered the full details of the prior difficulty. [Hamilton v. Rich Hill Mining Co., 108 Mo. 364; Olfermann v. Union Depot Ry. Co., 125 Mo. 408.]

**Error Cured.**

IV. It is further urged that the court erred in permitting the prosecuting witness to exhibit his wounds to the jury—defendant having objected to this exhibit on the ground that it had a tendency to prejudice the jury. While such evidence did tend to create prejudice, as it apprised the jury of the result of defendant's crime, it was properly admitted. In Wharton's Criminal Evidence (10 Ed.), vol. 2, sec. 518c, the rule is announced thus:

**Wounds: Exhibition of.**

"The authorities are abundant that . . . parts of the deceased may be shown, such as the skull, jawbone, that may illustrate the nature of the wounds and identify the assailant, or the instrument, where that is essential. Not only the clothing may be exhibited, but it may be arranged upon a frame for convenience in exhibiting it to the jury, and structures and diagram of location may all be used as an aid in determining the charge under trial."

A court or jury would be justified in imposing a more severe punishment where the assault was committed with such cruelty or deliberation as to result in severe injury to the person assaulted than in cases where the assault was carelessly made and resulted in no injury. The jury had a right to know the details of the assault and the result thereof in determining

whether to impose the minimum penalty (two years) or a more severe sentence.

V. Defendant also insists that the seven-year sentence given him indicates malice or prejudice on the part of the jury, but we think this complaint is unfounded. The maximum punishment for the crime of which he was convicted is ten years, and, if the jury believed the State's witnesses as to the unprovoked character of the assault, and they did so or they would not have convicted defendant, it was a matter of compassion on the part of the jury that he did not receive a ten-year sentence instead of only seven years. We have searched the whole record and find no reversible error, therefore the judgment of the trial court will be affirmed.