THE STATE v. ASA STOUGH, Appellant.—2 S. W. (2d) 767.

Division Two, February 18, 1928.

*North T. Gentry,* Attorney-General, and *A. M. Meyer,* Special Assistant Attorney-General, for respondent.

1200

HENWOOD, C.—By an information filed in the Circuit Court of Phelps County; appellant was charged with the unlawful manufacture of hootch, moonshine and corn whiskey. He was convicted and the jury assessed his punishment at a fine of $500, and jail imprisonment for six months. Judgment and sentence followed the verdict and he appealed.

The State's evidence shows that on October 19, 1926, appellant was living on a farm about five miles west of Rolla in Phelps County. About ten o'clock in the morning of that day, the sheriff and one of

his deputies went to appellant's house with a search warrant. While the sheriff was explaining his mission to appellant's wife, at the front door of the house, his deputy walked around the house and found appellant in the yard, near the entrance to the basement. Appellant invited the deputy into the basement and said: "Come down and see this stuff run off." They went to the basement and were followed immediately by appellant's wife and the sheriff. The officers found there a whiskey still, fully equipped and in operation. The still consisted of a copper boiler, connected, by a copper coil, with a cooling tank, filled with water, and a half-gallon tin container to catch the distillate as it dripped from the coil arranged for that purpose. The boiler, with a capacity of forty-five gallons, was full of corn mash and was resting on two lighted coal oil stoves. The mash was boiling and the manufacturing process was going on, under full blast, with the finished product dripping from the coil into the tin container. A three-gallon stone jar full of distilled liquor, a two-gallon keg of wine, and eight fifty-gallon barrels of mash, made of corn, water and syrup, were also found in the basement. The officers poured out all of the mash in the boiler and the barrels, and all of the liquor in the stone jar and the tin container, except a pint bottle of each, which they preserved for the trial. They also took charge of all of the apparatus used in connection with the still and the keg of wine. While appellant and the officers were in the basement, appellant inquired as to who made the complaint against him and asked to see the search warrant. As he read the search warrant and noted the name of the justice of the peace who issued it, appellant, referring to the justice, said: "He did that. He buys his whiskey some place else and has got it in for me." The two-pint bottles of liquor and the copper boiler, copper coil, oil stoves and other apparatus used in connection with the still, were exhibited before the jury at the trial and referred to by the sheriff and his deputy while on the witness stand, but were not identified and marked as separate exhibits and were not offered in evidence as exhibits in the case. The sheriff testified that the liquor in the two bottles was corn whiskey, and that he was able to identify it as such by smelling it. Another witness for the State, a former deputy sheriff, testified that he could identify corn whiskey by tasting it, and, after tasting the liquor in each of the two bottles, while testifying and in the presence of the jury, he said it was corn whiskey.

Appellant offered no evidence in his own behalf and has filed no brief in this court.

I. In the motion for a new trial, error is assigned to the action of the trial court in overruling appellant's application for a change of venue. The application alleged that appellant could not have a fair and impartial trial in Phelps County because of the prejudice of the inhabitants of that county against him. It was supported by the affidavit of appellant and the joint affidavit of six other persons. The joint affidavit recites the names and addresses of the affiants and states that "they are creditable, disinterested citizens of the County of Phelps, State of Missouri, and reside in different localities of said county;" and it further states that "they have read the foregoing application for a change of venue in the cause" and that "the facts alleged therein are correct." The application was filed on the day the case was set for trial, and the prosecuting attorney testified, in opposition to the same, that it was filed without previous notice to him and about twenty minutes before it was presented to the court. The court overruled the application on the specified grounds that reasonable previous notice thereof had not been given to the prosecuting attorney, and that the joint affidavit did not show on its face that the affiants were residents of different neighborhoods in the county.

The statute, relating to applications for changes of venue in criminal cases, provides that "reasonable previous notice of such application shall in all cases be given to the prosecuting attorney." [Sec. 3973, Laws 1921, pp. 206, 207.] The manifest purpose of this provision is to give the prosecuting attorney time and opportunity to investigate the merits of the application and the affidavits filed in support of the same. It plainly appears that appellant did not comply with the statute in this particular, and the trial court would have been fully justified in overruling the application on this ground alone. [State v. Williams, 263 S. W. 195.]

While the joint affidavit, filed in support of this application, recites that the affiants reside in different localities in the county and purports to give their addresses, it does not appear, on the face of the affidavit, that such addresses, or places of residence, are located "in different neighborhoods of the county," as required by the statute. Moreover, this court has held that, "as the affidavits of these five or more persons from different neighborhoods are to operate as the proof of prejudice, in lieu of the inquiry conducted by the court as heretofore, the affidavits should state facts, and not legal conclusions, so that the court can determine whether the witness is competent to express an opinion on the subject." [State v. Bradford, 285 S. W. 1. c. 500.] And in the separate concurring opinion of WHITE, J., in the Bradford case, it was further held that: "The five affidavits take the place of the two affidavits, and also dispense with additional proof. These five affidavits must come from citizens in

different neighborhoods of the county. Therefore a joint affidavit would not satisfy the statute; there must be five separate affidavits which show the situation in five different neighborhoods of the county." [Same loc. cit.]

It follows that the trial court properly overruled the application for a change of venue on the grounds specified, and that the court's ruling could have been based on the additional grounds mentioned, in accordance with the holding in the Bradford case.

II. It is further asserted, in the motion for a new trial, that the court erred in overruling appellant's motion to quash the search warrant and to suppress the evidence obtained thereunder. By  this motion appellant challenged the sufficiency of the description of the premises to be searched, as directed by the search warrant, and the sufficiency of the application for the search warrant, making proper references to the provisions of the Constitution and statutes of this State, relating to the matters complained of.

The search warrant describes the premises to be searched, as follows:

"In a certain dwelling house and the premises thereof and the outbuildings located upon said premises, situate about five miles west of Rolla, in Phelps County, Missouri, said dwelling house being occupied by Asa Stough and his family as their residence."

Section 11 of Article II of the Constitution of this State provides that "no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the person or thing to be seized, *as nearly as may be.*" (Italics ours.) Section 25, Laws of 1923, page 244, relating to the issuance of search warrants, follows the language of the organic law in this particular. In dealing with this question, in the case of State v. Lock, 302 Mo. l. c. 421, 259 S. W. l. c. 124, this court said:

"Some cases hold that minute description is necessary, such as is sufficient to convey real estate by deed. We think the description ought to identify the property with sufficient clearness and certainty, so that a mistake may not ensue."

The recent Kentucky case of Little v. Commonwealth, 265 S. W. (Ky. App.) 433, is directly in point. In upholding a property description, even less definite than the one here involved, the opinion of the Kentucky Court of Appeals reads, as follows:

"The warrant directed the search of the residence of appellant in Pike County, Ky., located on Indian creek, Shelby. No doubt this was an entirely sufficient description to enable the sheriff of the county to know what was intended. Certainty to a common intent is all that is necessary in the descriptive part of a search warrant."

It seems neither necessary nor practical to describe a farm dwelling house in a search warrant with the same degree of particularity as a dwelling house located in a city, town or village, where different families live in the same house and in adjoining houses and where houses may be definitely described by street numbers or by other marks of identification. Considering the location of appellant's dwelling house, it is our conclusion that the description of the same in the search warrant in question is sufficient to meet the requirements of the Constitution and the statute, as contemplated by the framers thereof.

The application for the search warrant in this case, after describing the premises to be searched as the same are described in the search warrant, above quoted, states that, in said premises, "intoxicating liquor is being unlawfully manufactured, sold, stored and kept; that thereat and therein is also being used and kept a still, doubler, worm, worm tub, mash, mash tubs, fermenting tubs, vessels, fixtures and equipment, and parts thereof, used and fit for use in the unlawful manufacture and production of intoxicating liquor, and that the residence of said Asa Stough is being used as a place of public resort, contrary to law." The application was made by the prosecuting attorney of the county and was supported by his affidavit.

This court has repeatedly held that an application of this character is sufficient to support a judicial finding of "probable cause" for the issuance of a search warrant. And it has also been held, in many recent cases, that the finding of "probable cause" can be impeached only by facts or the want of facts which appear on the face of the record and not by evidence that the prosecuting attorney or other prohibition enforcement officer had no personal knowledge of the truth of the facts stated in the application for the search warrant. [State v. Halbrook, 311 Mo. 664, 279 S. W. 395; State v. Stevens, 292 S. W. 36; State v. Marshall, 297 S. W. 63.] In this connection, it should be noted that the attempt of appellant to attack the validity of the search warrant in this case by evidence of this kind was without avail. Under the rule, above stated, it had no probative effect and should have been excluded.

III. There is no merit in the contention that the court erred in permitting witnesses for the State to testify concerning the liquor and the still and other articles, seized by the sheriff under the search warrant, and in permitting the same to be exhibited before the jury, because said articles "were at no time offered as or put in evidence by the State." Unlike paper exhibits, these articles could not have been preserved as a part of the record, for subsequent review by the trial court or by this court.

It is a common occurrence for witnesses, at the trial of both civil and criminal cases, to refer to certain articles in the court room and to explain their testimony by reference to such articles, though the same are not offered in evidence and made a part of the record. In this case, the marking of the liquor and the still and other articles as exhibits and the offer of the same in evidence would have amounted to nothing more than a mere formality, and the failure of the State to do this could not have been harmful to appellant. [State v. Curtner, 262 Mo. 214, 170 S. W. 1141; State v. Davis, 237 Mo. 237, 140 S. W. 902; State v. Gebhardt, 219 Mo. 708, 119 S. W. 350.]

IV. The complaint that "the verdict of the jury is unsupported by any competent and material evidence" necessarily fails with the ruling against the motion to suppress the evidence obtained by means of the search warrant. With this evidence in the case, the sufficiency of the evidence as a whole cannot be seriously questioned. The testimony of the sheriff and his deputy as to the still, corn mash and finished product of distilled liquor, found in appellant's basement, would have been sufficient to support the verdict of the jury, without the production of these articles at the trial or the exhibition of the same before the jury. They saw the still in actual operation, making liquor from corn mash, and appellant invited them to witness his liquor plant, when he said to the deputy sheriff: "Come down and see this stuff run off." The sheriff and the former deputy sheriff identified the liquor in question as corn whiskey, the former by smelling it and the latter by tasting it. And it is now well settled that lay witnesses may be permitted to identify corn whiskey from their ordinary experience in tasting and smelling the same. [State v. Moore, 279 S. W. 133; State v. Griffith, 279 S. W. 135.] It is the province of the jury to weigh the evidence and pass on the credibility of the witnesses. [State v. Hedrick, 296 S. W. 152.] The demurrer to the evidence was properly overruled.

V. Other assignments of error, relating to the admission of evidence and the instructions given to the jury, are general in character and do not specify with any particularity the errors complained of. Such assignments do not comply with the present rule in criminal cases and, therefore, are not proper subjects for our consideration. [New Sec. 4079, Laws 1925, p. 198; State v. Standifer, 289 S. W. 856; State v. Murrell, 289 S. W. 859.]

We find no prejudicial error, either in the record proper or trial proceedings. The judgment is affirmed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.