THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, WALDEMAR DEL VALLE, JUDGE, Respondent; JOHN DOE, k/a BRAULIO COLÓN, Intervener.

No. 2175.   Argued June 11, 1956.—Decided September 5, 1956.

---

*José Trías Monge, Attorney General, Rafael L. Ydrach Yordán, Ramón Olivo Nieves,* and *Augusto Saavedra, Fiscal, Special Fiscal,* and *Assistant Fiscal of the Supreme Court,* respectively, for petitioner. *Fernando Pérez Regis* for intervener, defendant in the main action.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

Braulio Colón Ferrer was accused in the Superior Court, Ponce Part, of a violation of the Spirits and Alcoholic Beverages Act. Act No. 6, Laws of Puerto Rico, 1936, Third Special Session. We issued a writ of certiorari to review the order of the trial court granting a motion to suppress the evidence obtained by virtue of a search warrant on the ground that the house searched was insufficiently described in the affidavit and the search warrant.

The description of the house to be searched, contained in the affidavit and search warrant, reads as follows: ". . . situated at Km. 9 of Matrullas road, a place known as Doña Juana, Ward of Matrullas, Orocovis, Puerto Rico, with a peaked roof, fenced with old wooden material, unpainted, with a front door and a window in the rear, an attached kitchen, and a window on each side."

We cannot agree that this description is on its face fatally defective. We think the description was sufficiently specific so that the person charged with the duty of searching the house would know which house to search, and that nothing was left to the discretion of the executing officer. *People* v. *Bonilla,* 78 P.R.R. 144, 148, and cases cited. In the first

place, where as here the house is in a rural area, the description may be sufficient even though it is necessarily more general than a description involving an urban house. *People* v. *Aybar*, 68 P.R.R. 6, 9: *State* v. *Stough*, 2 S.W. 2d 767, 769–70 (Mo., 1928); *State* v. *Hollingshad*, 35 S.W.2d 57 (Mo., 1931); 47 Am. Jur., *Searches and Seizures*, § 35, p. 522; Annotation, 74 A.L.R. 1418, 1502; 79 C.J.S. 878. Second, the name of the person occupying the house was given, which also helps to locate the house, although it is not necessary to give it. 47 Am. Jur., *Searches and Seizures*, § 35, p. 526; 79 C.J.S. 878; 1 Alexander, *The Law of Arrest* 560; Annotation, 74 A.L.R. 1418, 1501. See *People* v. *Burgos*, 73 P.R.R. 194, 197; *People* v. *Yulfo*, 71 P.R.R. 767, 769. Finally, the house is described as located ". . . at Kilometer 9 of Matrullas road . . .". As the district attorney pointed out at the hearing before the trial court, "Whether the house is not at kilometer 9, would have to be established by testimony of the [defendant]." As no such evidence was offered, we think the statement that the house was at kilometer 9 of the said road, together with the facts (1) that the house was in a rural zone, (2) that it was described as the residence of Braulio Colón, and (3) that other features of the house were given in detail, were sufficient, in the absence of any countervailing evidence, to make the description sufficiently certain for an officer who had the duty of executing the search warrant. *People* v. *Burgos*, *supra*; Annotation, 74 A.L.R. 1418, 1501; *West* v. *State*, 42 S. 2d 751 (Miss., 1949); *Rhodes* v. *State*, 116 S.W. 2d 395 (Tex., 1938).

The order of the Superior Court granting the motion to suppress the evidence will be vacated and the case remanded for further proceedings.