**STATE of Missouri, Respondent,**

v.

**Lloyd W. GOODMAN, Appellant.**

**No. 57147.**

Supreme Court of Missouri, Division No. 2.

July 16, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Marvin L. Smith, Lay, Ichord & Smith, Houston, for appellant.

HOUSER, Commissioner.

Lloyd W. Goodman, convicted by a jury of assault with intent to do great bodily harm with malice aforethought, § 559.180, RSMo 1969, V.A.M.S., and sentenced to 5 years' imprisonment, has appealed. The notice of appeal was filed prior to January 1, 1972.

Appellant claims that the State failed to prove beyond a reasonable doubt, with sufficient credible evidence, that appellant "performed the acts of assault with malice aforethought." There was evidence from which the jury could find these facts: Appellant Goodman, his mother (Mrs. Lita Goodman) and Leslie Earl Lowther were in the living room of the Lowther home. Lowther was showing Mrs. Goodman some white porcelain china ceramics he had made. Mrs. Goodman had a ceramic plaque in her hands. There was another ceramic piece nearby. Appellant tried to snatch the ceramic piece from the hands of his mother, indicating that he wanted to break it. When she withheld it from appellant he picked up the other ceramic piece and "smashed it down" with force, breaking it. Lowther told appellant to leave, whereupon appellant lowered his head, made a rush at Lowther, rammed him in the stomach and shoved him back and forth against the furniture. Lowther weighed 155 pounds. Appellant was a construction worker. Both men were in their thirties. Lowther fell over the furniture. Appellant grabbed a 32-ounce champagne bottle sitting in the room and struck Lowther two or three times in the face with the bottle. Lowther tried to get up. Appellant went in the kitchen, where he went through the drawers, "loudly and frantically" threatening to kill Lowther. Lowther ran out of the house into the yard. It was midnight. No one "was up." Lowther yelled "Help" as loud as he could, trying to rouse someone, then ran across the street to the Stephens residence and pounded on the door. Mr. Stephens came to the door. Lowther asked him to call the police, then stepped off the porch into the grass. Appellant appeared at the edge of the road, swore at Lowther, threatened him, told him to act like a man, "like him," and "get out here and fight." Lowther refused, whereupon appellant came in the yard, struck Lowther twice and knocked him unconscious. Lowther lost considerable blood and sustained a fractured nose. He had "a lot of bruises" about the head and face; lacerations over both eyes, which were bruised and black; small blood vessels burst in both eyes; lacerations of the chin and cheek, requiring suturing at the hospital; two teeth knocked out and a punctured lower lip. He testified that his whole head was swelled; that it felt like his "upper mouth" was loose; that he could not chew anything; that he was on a liquid diet for a month.

There was no failure of proof, as claimed. The verdict was amply supported by evidence of an intentional, violent and brutal assault of an aggravated nature by striking Lowther in the face and head with

852

a deadly weapon [1] and by employing other means or force likely to produce death or bodily harm, with malice aforethought, that is, by the intentional doing of an unlawful act determined upon before it was executed. State v. Spradlin, 363 Mo. 940, 254 S. W.2d 660 (1953); State v. Lane, 371 S. W.2d 261 (Mo.1963). "In determining the intent with which defendant acted the jury could take into consideration the nature of the weapon used, the manner of using it, the results of its use, and all of the related circumstances." State v. Kopf, 481 S.W.2d 7, 9 (Mo.1972).

Appellant makes the further point that the court erred in failing to give an instruction offered by appellant on the lesser offense of felonious assault without malice aforethought, under § 559.190 RSMo 1969, V.A.M.S. Appellant's evidence was that appellant broke the ceramic accidentally, following which Lowther immediately sprang up and approached appellant, who was sitting in a chair, twice grabbed appellant by the throat and choked him, threw appellant to the floor and landed on top of him; that appellant, trying to get his breath, struck Lowther in the face four or five times with his fist (not with the champagne bottle); that Lowther said "I give, Lloyd!" whereupon appellant immediately turned him loose; that appellant and his mother then left to go home, but Lowther came running out of his house holding the champagne bottle in his hand; that he fell over a tricycle in the yard; that Lowther then called appellant a "son-of-a-bitch" and threatened to get a gun and shoot him. The court gave an instruction on self-defense.

■ If the State's evidence was true appellant was guilty of felonious assault with malice aforethought. If appellant's evidence was true appellant was not guilty of any offense and he should have been acquitted, because his evidence established a case of self-defense. There was no evi-

dentiary basis for an instruction on felonious assault without malice, and in this situation the court did not err in failing to give such an instruction. State v. Kern, 447 S.W.2d 571, 579 [17] (Mo. 1969); State v. Cox, 333 S.W.2d 46, 50 [5] (Mo. 1960); State v. Burns, 328 S.W.2d 711 (Mo.1959); State v. Parrish, 214 S.W.2d 558 (Mo.1948); State v. Curtner, 262 Mo. 214, 170 S.W. 1141, 1143 [1] (1914); State v. Barton, 142 Mo. 450, 44 S.W. 239, 240 [4] (1898); State v. Woods, 124 Mo. 412, 27 S.W. 1114 (1894); State v. Schloss, 93 Mo. 361, 6 S.W. 244 (1887); State v. Robb, 90 Mo. 30, 2 S.W. 1 (1886).

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

HENLEY, P. J., DONNELLY, C. J., MORGAN, J., and SCHOENLAUB, Special Judge., concur.

FINCH, J., not a member of Division when cause was submitted.

1. A champagne bottle, like a whiskey bottle, State v. Hacker, 214 S.W.2d 413, 415 [2] (Mo.1948), when used in the manner shown by the State, may constitute a deadly weapon.