THE STATE, Appellant, v. THOMPSON, Respondent.

1. An indictment charging that the defendant on, &c., at &c., "did then and there feloniously assault one J. D. with a certain handle of a hoe, a deadly weapon, by feloniously assaulting and striking him, the said D., with the said hoe handle, with intent, in so doing, him the said D. then and there feloniously to maim, wound and disfigure, contrary," &c., is a good indictment under the thirty-eighth section of the second article of the act concerning crimes and punishments. A felonious maiming is a felony.

### Appeal from Greene Circuit Court.

This was an action against William Thompson. The indictment charges "that William Thompson, late of, &c., on, &c., with force and arms, in the county aforesaid, did then and there feloniously assault one James Davis with a certain handle of a hoe, a deadly weapon, by feloniously assaulting and striking him, the said Davis, with the said hoe handle, with intent, in so doing, him the said Davis then and there feloniously to maim, wound and disfigure, contrary," &c.

This indictment was quashed on motion of the defendant.

*Knott*, (attorney general,) for the State.

I. Had defendant succeeded in wounding, maiming or disfiguring Davis, he would have been indicted for felony under the thirty-ninth section of the second article of the act concerning crimes and punishments ; (R. C. 1855, p. 567 ;) and the only question now to be determined is, whether this is a good indictment under the first section of the ninth article of the same act for an attempt to commit the offence provided for in the section first above cited ; or for an assault with intent to commit a felony, under the thirty-eighth section of the second article.

*Price & Foster*, for respondent.

I. The offence charged is not indictable by the law of the land. The offence charged is but a common assault, over which justices of the peace alone had jurisdiction. (R. C. 1855, p. 977, § 1.) The indictment charged the assault was committed with intent to maim, wound, disfigure, &c. This is not made an offence by the statute respecting crimes. (R. C. 1855, p. 567, § 38.) It does not come within either of sections thirty-four or thirty-five, because those sections require all the maiming, wounding, assaults and batteries therein mentioned to be done on purpose and of malice aforethought. (5 Mo. 357.) This indictment does not so charge the assault. The assault, therefore, with intent to maim, wound, &c., is only common assault and battery before a justice of the peace, though made with a deadly weapon. (State v. Johnson, 4 Mo. 618.)

Scott, Judge, delivered the opinion of the court.

The thirty-eighth section of the second article of the act concerning crimes and punishments, punishes all assaults made with intent to kill, or to commit any robbery, rape, burglary, manslaughter, or other felony. This indictment charges the defendant with having made a felonious assault with an intent feloniously to maim, wound and disfigure. A felonious maiming is a felony. The defendant is then

charged with an assault with intent to commit a felony, and the indictment is within the words of the law.

Whether the offence laid in the indictment is a common assault and battery not indictable, would be a question arising on the trial on the evidence. It is sufficient that the charge as made is a felony; whether it is or not will be determined by the evidence. The weapon used in making the assault is alleged to be a dangerous one.

Reversed and remanded. The other judges concur.