STATE OF MISSOURI, Respondent, *vs.* WILLIAM A. BROWN, Appellant.

1. *Crimes and punishments—Attempt to wound, maim and disfigure—Constr. Stat.* —A felonious "maiming, wounding and disfiguring" (Wagn. Stat., 450) is " another felony" as contemplated by § 32. And a felonious assault with intent to maim, etc., is an assault to commit a felony and so an offense under the statute. (State v. Thompson, 30 Mo. 470.)

### *Appeal from Harrison Circuit Court.*

*Neal & Lewis,* for Appellant.

I. The phrase "other felony" in § 32 has no reference to the maiming, wounding, etc., mentioned in § 33. Hence an attempt to wound, etc., etc., is not a statutory offense within § 33, which does not refer to "attempts" to commit the offense specified. Moreover, the offenses mentioned in § 32 are of higher grade than those embraced in § 33. But the punishment in both is the same. Why should this be so if the latter section includes not only the offense but the attempt to commit it? If such were the design of the legislature, then the attempt and the overt act would be punished alike, for § 33 prescribes no lesser grade of punishment in case of "attempted "maiming, wounding," etc. "Other felony" means unmentioned offenses of the higher grade alluded to in § 32, and not to those contained in the next section. Hence the motions to quash and in arrest should have prevailed. (13 Am. Law Reg., U. S., 522; St. Louis vs. Laughlin, 49 Mo., 559; Grumley vs. Webb, 44 Mo., 474; Sedgw. Stat. and Const. Law, 423; Landeman vs. Black, 17 B. & Cress., 96.)

*Jno. A. Hockaday,* for Respondent.

I. The defendant is charged with committing a felonious assault with intent to " maim, wound, or disfigure" which is a felony under §§ 32, 33. This court has repeatedly held that a felonious maiming or wounding is a felony. (State vs. Thompson, 30 Mo., 470.)

WAGNER, Judge, delivered the opinion of the court.

The indictment contains two counts. The first charged the prisoner with making an assault with intent to kill, and the second charged him with an assault with intent to maim, wound and disfigure.

There was a motion to quash the second count on the ground that it charged an offense unknown to the law. The motion was overruled. The defendant was acquitted on the first count, and convicted on the second; and whether that count charged an offense under the statute is the only question in the case.

By the statute (Wagn. Stat., 450, § 33) the maiming, wounding or disfiguring of any person is made a felony. The same statute (§ 32) punishes all assaults made with intent to kill or to commit any robbery, rape, burglary, manslaughter or other felony.

The indictment in the second count charged the defendant with having made a felonious assault, with intent to maim, wound and disfigure. As a felonious maiming, wounding or disfiguring is a felony, the defendant was there charged with an assault to commit a felony. The indictment was within the language of the law. (State vs. Thompson, 30 Mo., 470.)

No question arises upon the instructions. The court gave three for the State which were not objected to. Two were given for the defendant and another one was refused; but it is not copied in the bill of exceptions, and nothing is known in regard to it.

The judgment will be affirmed; the other judges concur.