STATE OF IOWA v. PAUL C. AKIN, Appellant.

2 **Assault to Maim:** Assault to commit great bodily injury is included
3 in the assault to maim, covered by Code, 3857.

**Practice.** On a trial for assault to maim it was mentioned that
defendant had been convicted of an assault and battery for the act
1 on trial. The court told the jury not to consider said conviction.
4 There was none except a general exception "to all the instruc-
4 tions given." *Held*, it was proper to refuse to charge on the
elements of assault and battery and of simple assault.

**Sentence.** Held not excessive.

*Appeal from Hardin District Court.*—HON. S. M.
WEAVER, Judge.

TUESDAY, APRIL 2, 1895.

Defendant was indicted and tried for the crime of
"an assault with intent to maim and disfigure." He
was found "guilty of assault with intent to inflict great
bodily injury," and adjudged to pay a fine of two hun-
dred dollars and costs, and in default of the payment of
said fine to stand committed for the term of sixty days.
Defendant appeals.—*Affirmed.*

*C. E. Albrook* for appellant.

*Milton Remley*, attorney general, and *Thomas A.*
*Cheshire* for the state.

Given, C. J.—I. Appellant moves to strike appel-
lee's "second additional abstract;" also his brief and
argument, because not served and filed in time. Said
second additional abstract shows as a part of the

record not appearing in appellant's abstract the following: "That after the evidence was closed the defendant's attorney in open court said: 'There is one thing we omitted, if the court please. I suppose it will be conceded by you (addressing attorney for the state) that defendant was arrested by you the next morning after the assault and battery on Mr. Scales, and fined ten dollars, Mr. Hayes being a justice of the peace in this town and county.' The state conceded that this was so." Appellant filed his "amendment to abstract," in which he denies that the words, "addressing attorney for the state," and the words, "The state conceded that this was so," appear in the record, and moves to strike the same. The court did not submit the question of the appellant's guilt of an assault or assault and battery, but instructed the jury that the fact mentioned in their hearing that the defendant had been arrested and fined for an assault and battery should not be considered by them; that such conviction released the defendant from further prosecution for assault or assault and battery, but was no defense against the charge concerning which they were instructed. Appellee's first abstract shows that prior to the commencement of the trial the defendant in open court filed a special plea to said indictment, alleging that the defendant had been arrested, tried, and fined for assault and battery for the same act upon which the charge in the indictment is based. It is evident that the case was tried upon the theory, and without question, that appellant had been arrested and fined for assault and battery for the same act charged in the indictment, and that he could not be convicted thereon in this prosecution. The words appearing in appellee's second additional abstract that are denied by appellant will be

stricken out, but, in view of the entire record, the motion to strike appellee's abstract and argument is overruled.

II.    The court, after instructing as to the crime charged, instructed the jury that the offense charged includes "a lower or lesser degree of crime called 'assault with intent to inflict great bodily injury,' " and proceeded to inform the jury as to that crime.

2    Appellant contends that the intent to inflict a great bodily injury is an entirely different intent from that charged, and is not included in the charge, and that therefore the instruction is erroneous. Section 3857 of the Code, under which this indictment is found, is as follows: "If any person, with intent to maim or disfigure, cut or maim the tongue; cut out or destroy an eye; cut, slit, or tear off an ear; cut, bite, slit, or mutilate the nose or lip; cut off or disable a limb or any member of another person, he shall be punished by imprisonment in the penitentiary not more than five years, and fine not exceeding one thousand dollars nor less than one hundred dollars." It will be observed that to constitute the crime of maiming or disfiguring as here defined the accused must have done to another person some one of the acts specified, with intent to maim or disfigure. The charge is that the defendant committed an assault and battery upon the person of J. H. Scales, and did "break and mutilate the nose, mouth, and lips of the said J. H. Scales, and the said Paul C. Akin did then and there make the said assault in and upon the person of the said J. H. Scales with the intent him, the said J. H. Scales, willfully, wickedly, unlawfully, and feloniously to maim and disfigure." This is not a charge of an assault with intent to maim, as defined in section 3874, but a charge of actually maiming and disfiguring, as defined in said section 3857. Our Code contains the following provisions:

"Sec. 4465.    Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment.

"Sec. 4466.    In all other cases the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

The question is whether the crime of assault with intent to inflict great bodily injury is a degree inferior to the crime charged, or, in other words, whether it is necessarily included in the charge.    Appellant contends that the two offenses are entirely distinct, and urges, by way of illustration, that a party might make an assault upon another to disfigure him, as by tattooing hideous characters upon his face or hands, but without intending to inflict any great bodily injury.    In determining the question under consideration we must not accept the common-law definition of maiming or disfiguring, but that of our own statute.    We think it cannot be said that a person intending to inflict any of the injuries named in section 3857 can be said not to intend to inflict a great bodily injury.    Surely it would be a great bodily injury to cut or maim (disable) the tongue, to cut out or destroy an eye, or to inflict upon another any of the injuries named in said section.    The charge against appellant is that he did break and mutilate the nose, the mouth, and lips of Scales, with intent to maim and disfigure him.    Surely one who unlawfully breaks and mutilates the nose, the mouth, and lips of another inflicts a great bodily injury.    If the injury be with intent to maim and disfigure, it comes under said section 3857; but, if that intent be lacking, and the lesser intent to inflict a great

bodily injury exists, it comes under section 3875. As the crime of maiming or disfiguring is one committed by the perpetuation of injuries which in their nature are within the definitions of great bodily injuries, it follows that such a charge necessarily includes the offense of an assault with intent to inflict a great bodily injury. While this court has never ruled upon this precise question, our view is in harmony with all the decisions based upon said sections 4465 and 4466. See *State v. Parker*, 66 Iowa, 586, *State v. Schele*, 52 Iowa, 608. Appellant cites us to *Kilkelly v. State*, 43 Wis., 604, wherein it is said: "But we are aware of no rule of criminal procedure which sanctions a conviction for a felonious intent on an indictment or information which does not charge such intent, but charges another intent of an entirely different character." It does not appear that the conclusions expressed in that case were based upon statutes similar to ours. Our conclusion rests upon the fact that the intention to inflict a great bodily injury is necessarily included in the intent that must be charged to constitute the crime of maiming or disfiguring under our statute.

III. Appellant contends that the court erred in not submitting the question of his guilt or innocence of the crime of assault and battery or of simple assault. Taking the record as it stands before us on appellant's amendment to appellee's second additional abstract, it appears that, after the evidence was closed, the defendant's attorney, in open court, said: "There is one thing we omitted, if the court please. I suppose it will be conceded by you that the defendant was arrested by you the next morning after the assault and battery on Mr. Scales, and fined ten dollars, Mr. Hayes being a justice of the peace in this town and county." While it does not appear by the record, as we take it, that the attorney for the state was the

person addressed, or that he made any response, it is very evident from the plea and the instruction already referred to that the court accepted the statement of appellant's counsel, and gave the instruction that he did, in the interests of the appellant. It does not appear that any different instruction was asked, or that any objection was made by appellant to the instructions given, more than the general exception taken to all and every instruction of the court. There was really no question in the case as to defendant's guilt of assault and battery. The testimony showed him to be guilty beyond question; and he himself, when examined as a witness, frankly stated facts which showed his guilt beyond a doubt. We think, under the record before us, the court very properly withheld any instructions as to the crime of an assault or assault and battery.

IV. Appellant further insists that the verdict is not sustained by the evidence, and that the penalty inflicted by the court is excessive. We will not discuss the evidence. It is sufficient to say that even upon the testimony of the defendant alone the verdict finds ample support. It is evident that the defendant, because of some previous provocation, as he states himself, became greatly angered at the sight of Scales, and in the darkness of the night attacked him, and, notwithstanding he received no resistance from Scales, inflicted upon him severe and painful bodily injuries. In view of the character of the assault, and of the time and manner in which it was made, the penalty of two hundred dollars is not excessive. We find no errors in the record, and our conclusion is that the judgment of the district court should be *affirmed.*