THE STATE v. WILLIAM F. MOREHEAD, Appellant.

Division Two, May 29, 1917.

1. **INDICTMENT: Clerical Error.** The omission of the letter "t" in the word "premeditatedly" and making it appear as "premediatedly," in an indictment charging murder in the second degree and otherwise in proper form, was a clerical error, and did not in any manner tend to the prejudice of the substantial rights of the defendant upon the merits.

2. **HARMLESS ERROR: In Instruction for Murder in First Degree.** If defendant was convicted of murder in the second degree, an error, if any, in the given instruction on murder in the first degree, was harmless.

Appeal from Mississippi Court.—*Hon. Frank Kelly, Judge.*

AFFIRMED.

*Russell & Joslyn* for appellant.

We know that there are cases in Missouri which hold that where a defendant is indicted for murder in the first degree and convicted of a lesser degree of homicide, he cannot complain of an instruction as to murder in the first degree, but we know of no case which holds that it is not reversible error for the court to give an instruction on murder in the first degree when the defendant is only indicted for murder in the second degree. The verdict of the jury in this case sentencing an old man seventy-nine years old for a term of forty years in the penitentiary is conclusive proof of the vice of the instruction on murder in the first degree, and defining premeditatedly by the court.

*Frank W. McAllister,* Attorney-General, and *S. P. Howell,* Assistant Attorney-General, for the State.

(1) The indictment is sufficient. Sec. 4448, R. S. 1909; State v. Clay, 201 Mo. 681; State v. Tapman, 264

Mo. 357; State v. Marley, 177 S. W. 350; State v. Thomas, 180 S. W. 886. The incorrect spelling of the word "premeditatedly" is a mere clerical error, which did not tend to prejudice the rights of defendant, and therefore, under the authority of the Statute of Jeofails, will be disregarded. Sec. 5115, R. S. 1909; State v. Witherspoon, 231 Mo. 717; State v. McConnell, 240 Mo. 273; State v. Griffin, 249 Mo. 628. (2) Under the condition of the record in this case any insufficiency in the instruction on murder in the first degree as given by the court is not available as a ground for reversal. State v. Greene, 229 Mo. 654; State v. Sharp, 233 Mo. 288; State v. Wilson, 250 Mo. 329.

WILLIAMS, J.—Under an indictment charging him with murder in the first degree, defendant was tried in the circuit court of Mississippi County, found guilty of murder in the second degree, and his punishment assessed at forty years' imprisonment in the penitentiary. Defendant duly appealed to this court.

The evidence tends to show that about 9:30 p. m., November 20, 1914, at the town of Anniston, Mississippi County, Missouri, defendant shot one Roy Jenkins, who, two days later, in a hospital at Cario, Illinois, died from the effects of said shooting. At the time of the shooting the appellant was about seventy-six years of age and was the marshal of the town of Anniston. The deceased, a short time prior to the shooting, had become somewhat intoxicated and was complaining about some one having turned his horse loose and was threatening to paint the town "red" and "stand it on end" if he didn't find his horse. In company with another he went out on the streets to look for the horse. He met the defendant, who told the deceased to go home and, upon his refusal, told the deceased "to consider himself under arrest." The deceased refused to consider himself under arrest and walked away. A short time later deceased and his companion were standing near the telephone office, when the report of a gun was heard. Deceased and his companion turned and walked away and after going some distance deceased

discovered that he had been shot. The shot penetrated his intestines. The deceased was unarmed at the time.

Extra-judicial statements of the defendant were given in evidence, to the effect that defendant had said that he went over to quiet the deceased and that deceased told him that he could not arrest him and walked away; that the defendant followed him for the purpose of quieting him, and the deceased started toward the defendant and defendant jerked out his revolver and shot him. One other witness testified that defendant told him that he heard deceased say, "I am going to kill the old s— of a b— before daylight," and that he thereupon "leveled down and took a shot at him;" and he further stated, "I was sorry in a minute after I did it that I did so." Defendant told another witness that, "If Boone Melton had stuck to me it would never have gotten out on me."

There was evidence tending to show that the deceased was quarrelsome when drinking, and that defendant's reputation for being quarrelsome was bad.

The defendant, in his own behalf, testified that he first saw the deceased early in the evening, on the street, produce a bottle of whiskey and pass it around among a crowd. Later defendant told deceased to go home. The deceased complained about someone having turned loose his horse. Deceased thereupon invited defendant to take another drink, defendant accepting the invitation to the extent of about one "spoonful."

Later in the evening, defendant again came upon deceased who was using very profane language. The deceased then said to defendant, "You can shoot me but you can't arrest me." After this conversation the defendant started home and a little later heard loud talking near the telephone office and walked down in that direction and recognized the deceased and one Bryant Nunn standing some distance away, in the dark, and he heard deceased say, "I am going to kill the d— old gray-headed s— of a b— before I leave town." Defendant testified that the threat frightened him very much. He further testified, "I just pulled out my gun and shot; I didn't know whether I shot him or not." He thought the deceased was getting

a pistol or a bottle out of his pocket when he fired, but stated that he could have ''shot him all to pieces'' after the first shot, but didn't do so, and didn't know whether he had hit the deceased or not. After the shot was fired defendant heard the deceased say, ''I am shot,'' and deceased's companion said, ''No, you are not shot,'' and deceased replied, ''Yes, I am.'' The defendant further testified that he did not intend to kill the deceased, and he would not have shot had he thought it would kill him.

Witnesses on behalf of the defendant testified that his reputation for being a peaceful, law-abiding citizen was good.

In rebuttal, witnesses testified that they did not hear the deceased make the threat to kill the defendant and they also denied that deceased was advancing at the time the shot was fired. One of the witnesses for the State testified that he was in a store when he heard the shot fired, and that about thirty minutes thereafter defendant came into the store and purchased a sack of tobacco. Someone inquired as to the occasion of the shooting, and defendant said, ''It was somebody shooting at a dog, I guess. I wouldn't let a rabbit run over me. I do not carry a gun, I keep it at home.''

The defendant was ably represented upon the trial of the case, and his learned counsel now urge but two errors seeking a reversal of the case. These errors will be discussed in the opinion following.

I. In the indictment the word evidently intended for ''premeditatedly'' is spelled ''premediatedly .'' In other Clerical words the first letter ''t'' is omitted from the Error. word. Otherwise the indictment is in proper form, charging murder in the first degree, which also includes the elements of murder in the second degree.

It is quite apparent that the foregoing error is a clerical one and did not in any manner ''tend to the prejudice of the substantial rights of the defendant upon the merits.'' This being true the above error did not render the indictment invalid. [Section 5115, R. S. 1909; State

v. Griffin, 249-Mo. 624; State v. Duvenick, 237 Mo. 185, l. c. 194.]

II. It is further contended that the court erred in giving an instruction on murder in the first degree.

The appellant was convicted of murder in the second degree. It is well settled in this State that the conviction of a crime lower than that charged renders harmless the error, if any, in the giving of an instruction concerning the higher degree. [State v. Wilson, 250 Mo. 323; State v. Sharp, 233 Mo. 269, l. c. 288.]

The judgment is affirmed. All concur.