## THE STATE v. HENRY C. FOSTER, Appellant.

Division Two, March 26, 1920.

1. **INFORMATION: Shooting at Another.** An information charging a crime under Section 4481, Revised Statutes 1909, is sufficient if it follows the language of the statute, since it embodies all the essential elements of the crime denounced and hence need not be pleaded.

2. ———: ———: **Omission of Word Of.** It is essential that an information charging the crime denounced by Section 4481, Revised Statutes 1909, allege that the act of shooting at another was done "on purpose and of his malice aforethought;" but the omission of the word "of" in the phrase that defendant "did then and there, on purpose and his malice aforethought," etc., was not misleading did not destroy the sense of the sentence, nor impair the sufficiency of the information.

3. ———: ———: **Did Commit Great Bodily Harm.** An information charging that defendant did shoot another "with intent....him ....to maim and commit great bodily harm" does not, by the use of the words "commit great bodily harm," injure defendant. These words are equivalents of an averment of an intent on defendant's part to inflict an injury permanent in its nature, or more serious than an ordinary battery, but they mean nothing more than the word "maim," and at their worst are only tautological.

4. ———: ———: **Jeofails.** Under the Statute of Jeofails (Sec. 5115, R. S. 1909) no defect or imperfection in an information which does not tend to the prejudice of the substantial rights of appellant can be of any avail on appeal.

5. **INTENT: Specific Proof: Inference.** Even if proof of specific intent to maim another is necessary in view of the language of the statute, proof of facts from which the intent may be inferred is sufficient; and such inference may be drawn from proof that defendant shot another with a double-barreled shot-gun, loaded with leaden balls and gun powder, on purpose and of malice aforethought, and inflicted wounds calculated to maim.

6. ———: **To Maim: Meaning.** The word "maim" has no technical meaning, but means to inflict some serious bodily injury. Thus classified, there is no occasion to couple the commission of the act of shooting at another with a specific "intent to maim" in order to constitute the offense denounced by the statute (Sec. 4481, R. S. 1909).

7. **INSTRUCTION: Omission of Words "Of Malice Aforethought:" Jail Sentence.** The statute (Sec. 4481, R. S. 1909) declared that "every person who shall, on purpose and of his malice aforethought, shoot at another, with intent to maim," etc., shall be punished by imprisonment in the penitentiary not exceeding ten years. The instruction for the State, designed to cover the whole case, omitted the words "with malice aforethought." *Held*, not error, for two reasons: *first*, another statute (Sec. 4904, R. S. 1909) authorized a conviction for a less offense and defendant's punishment was assessed at twelve months' imprisonment in the county jail; and, *second*, errors in instructions concerning a higher degree of the offense than that of which a defendant was convicted are not available to him.

Appeal from Buchanan Circuit Court.—*Hon. H. W. Uttz*, Judge.

Affirmed.

*Randolph & Randolph* for appellant.

(1.) The information in this case is fatally defective and the demurrer thereto should have been sustained. It is difficult to tell which section of the statutes this information was attempted to be drawn under. The charge of assault with intent to maim is coupled with the language "and commit great bodily harm." Section 4481 is the section which mentions particularly assault with intent to maim, but there is no such offense in the statutes as the offense of "commit great bodily harm." The offense contemplated by Section 4482 is a distinct of-

fense and is not an inferior degree of the offense contemplated by Section 4481. State v. Burk, 89 Mo. 639; State v. Lockwood, 119 Mo. 463. The indictment does not allege that the act was done of his malice aforethough, but uses this language: "and did then and there on purpose and his malice aforethought." State v. Rector, 126 Mo. 340. (2) The instruction offered by defendant in the nature of a demurrer to the evidence at the close of the evidence on the part of the State should have been given as there was positively no evidence of any kind or character of any intent to maim. It was clearly shown that the purpose of the defendant was to drive the prosecuting witness from the premises where he was trespassing and tearing down the fence of the defendant. The distance between the prosecuting witness and the defendant at the time the shot was fired would absolutely preclude the idea of an assault with intent to commit the crime of mayhem. Proof of an assault with intent to kill would not meet the evidence required under this information. State v. Kyle, 177 Mo. 659; State v. Ballard, 104 Mo. 634. (3) In that same connection the court made improper remarks in the presence of the jury, and in that same connection the private attorney of the prosecuting witness made and was permitted to make improper remarks in the presence of the jury and to ask questions which were improper, with no other purpose than to create prejudice against the defendant. State v. Ulrich, 110 Mo. 365; State v. Prendible, 165 Mo. 354; State v. Fisher, 124 Mo. 464; State v. Young, 99 Mo. 682. (4) It was improper and prejudicial to the defendant for the court to permit Mr. Lockwood, the private attorney of the prosecuting witness, to cross-examine defendant as to matters concerning which he was not asked on direct examination. R. S. 1909, sec. 5242; State v. Grant, 144 Mo. 63; State v. Hathhorn, 166 Mo. 239; State v. Kyle, 177 Mo. 663; State v. Bell, 212 Mo. 123. (5) The instruction for the State shows an effort to cover both Section 4481 and Section 4482, but does not follow the information in that it does not use the words "malice aforethought" and uses the term "to maim and do great bodily harm." To

assault with intent to maim is one offense cognizable under Section 4481, and an assault with intent to do great bodily harm is a separate and distinct offense under Section 4482 and they cannot be so combined in one instruction. If there is an intent to maim, then the intent to do great bodily harm is absent, except that maiming might result in great bodily harm. One offense is to do the act prohibited by Section 4480; the other is to do an entirely different act with an entirely different purpose. The punishment mentioned in the instruction is the punishment provided for in Section 4482. There can be no assault with intent to maim except "of malice aforethought," because such an assault is a deliberate assault conceived and carried out for the purpose of maiming the subject of the assault. State v. Priestley, 74 Mo. 24; State v. Dalton, 106 Mo. 464; State v. Whitsett, 111 Mo. 202; State v. School, 130 Mo. 396; State v. Hayden, 141 Mo. 311. (6) The defendant was entitled to have the jury instructed as to the meaning of the word maim and that the assault must have been with the intent to commit the crime of mayhem. The defendant specifically asked of the court to instruct on that point.

*Frank W. McAllister,* Attorney-General, and *Lewis H. Cook,* Special Assistant, for respondent.

(1) The information is sufficient in form and substance. It fully informs the defendant of the nature and cause of the accusation against him. State v. Nieuhaus, 217 Mo. 343; Kelley's Crim. Law & Proc. secs. 580-582; R. S. 1909, sec. 4483. (2) The instruction besides defining "feloniously" correctly states the law under Sec. 4483, R. S. 1909. State v. Webb, 266 Mo. 680. (3) The appellant complains because the court refused to instruct on the question of whether or not Aubuchon was in the act of committing a trespass when the shot mentioned in evidence was fired. The instruction was properly refused under the evidence in the case. Aubuchon was fifty yards from the appellant constructing a line fence with his back turned when appellant fired without

warning. The testimony shows that the only reason the prosecuting witness committed an act of trespass was to prohibit the stock of the appellant from trespassing on the land in Aubuchon's possession. Had death resulted from the shooting the appellant would have been guilty of manslaughter in the third degree and the appellant cannot be heard to complain. R. S. 1909, sec. 4463.

WALKER, C. J.—Appellant was convicted in the Circuit Court of Buchanan County in June, 1919, of an assault with intent to maim and do great bodily harm and his punishment assessed at twelve months' imprisonment in the county jail. From the judgment rendered thereon he appeals.

Aside from formal averments, the information is as follows: "that on or about the 7th day of August, 1918, at said county, Henry C. Foster in and upon one Dennis Aubuchon, feloniously, on purpose and of his malice aforethought did make an assault, and did then and there on purpose and his malice aforethought feloniously shoot at him, the said Dennis Aubuchon, with a certain deadly and dangerous weapon, to-wit, a double-barreled shot-gun, loaded then and there with gun powder and leaden balls, which he, the said Henry C. Foster, then and there held in his hand, with intent then and there him, the said Dennis Aubuchon, on purpose, of his malice aforethought, feloniously to maim and commit great bodily harm; against the peace and dignity of the State."

Appellant and the prosecuting witness, Aubuchon, occupied adjoining tracts of land. The former had built a wire gap in a fence which enclosed a small portion of his tract, the purpose of which was to admit his cattle to a spring of water. The fence of which this gap was a part, connected with that enclosing the land of Aubuchon. The latter objected to the use of the gap by the appellant for the purpose mentioned. On the morning of the assault, Aubuchon, aided by his sons and a hired man, went to where the gap was located and proceeded to tear it and the fence connecting it with appellant's land down, and to build a closed fence of his own instead

of that of appellant. The latter, having been notified of the proceeding, went to the scene, armed with a shot-gun and an axe. Walking towards Aubuchon, he ordered him off of the premises. The latter ignored the order, when the appellant fired at him with the shot-gun, a few shots striking him on the hand and hip. Aubuchon, with his sons and help, left the scene. Appellant thereupon cut the wires of the fence Aubuchon had built and replaced his own fence and the gap.

I.   The statute (Sec. 4481, R. S. 1909) upon which this prosecution is based provides, so far as applicable to the facts in evidence, that every person who shall on purpose and of his malice aforethought shoot **Information.** at another with the intent to maim such person shall be punished by imprisonment in the penitentiary not exceeding ten years. Thus the crime of shooting at a human being is specifically prohibited and by the terms of the statute classified as a felonious assault. [State v. Curtner, 262 Mo. 218; State v. Bunyard, 253 Mo. 1. c. 355.] An essential allegation in a charge based on this statute is that the act was committed feloniously, on purpose and with malice aforethought. [State v. Anderson, 252 Mo. 83; State v. Harris, 209 Mo. 1. c. 434; State v. Temple, 194 Mo. 1. c. 234; State v. McDonald, 67 Mo. 13; State v. Seward, 42 Mo. 1. c. 208; State v. Harris, 34 Mo. 347.] The felonious intent with which the act was committed is properly charged. [State v. Bond, 191 Mo. 567.] As we held in State v. Phelan, 65 Mo. 547, and numerous other cases reviewed in State v. Bond, supra, the charging of an offense under Section 4481 is sufficient which follows the language of the statute, which embodies all of the essentials necessary to define the crime denounced and hence more need not be pleaded. [State v. Bersch, 276 Mo. 397.] A charge thus framed conforms not only to the rules of criminal pleading that nothing shall be left to implication or intendment, but to the constitutional requirement that the accused shall be apprised of the nature and cause of the accusation against him. [State v. Stegner, 276 Mo. 427, 207 S. W. 1. c. 828.]

It is also contended that the information is defective in the omission of the word "of" preceding the words "malice aforethought" in the phrase "and did then and there on purpose and his malice aforethought," etc. The omission of the word "of" was not misleading, did not destroy the sense of the sentence from which it was omitted and hence this contention is not entitled to serious consideration. The disposition of the courts in the review of criminal cases, while not ignoring or denying any substantial right of the accused, is to so construe the record of conviction as to promote the administration of justice. Such a purpose would be frustrated by the serious entertainment of such a frivolous contention as is here sought to be introduced. [State v. Keener, 225 Mo. l. c. 494; State v. Perrigin, 258 Mo. l. c. 236; State v. Massey, 274 Mo. 578.]

The addition of the words "and commit great bodily harm" following the word "maim" in the information is also a subject of complaint. In what respect the appellant is injured by this addition we are not told. The added words are the equivalents of an averment of an intent on the part of the appellant to inflict an injury permanent in its nature or more serious than an ordinary battery. [Territory v. Ayre, 15 N. M. 581; Lambert v. State, 80 Neb. 62; Boykin v. People, 22 Colo. 503; State v. West, 45 La. Ann. 14; McDonald v. State, 89 Tenn. 161.] In short, they mean nothing more than is expressed by the word "maim," and the only tenable objection which can be urged to their use is that it is tautological. This may entitle the objection to rhetorical, but not to judicial, consideration. Nor does the use of the words complained of come within the rule of criminal practice that if an allegation is made in an unnecessarily minute manner the proof must satisfy the descriptive as well as the main part, as one is essential to the identity of the other, because the descriptive words here are redundant or mere surplusage, and may be so regarded. [State v. Harris, 209 Mo. 423; State v. Akin, 94 Iowa, 50.] "Lest, therefore," as Lord HALE said, in effect, "such overgrown curiosity and nicety of expres-

sion as is here exhibited, should become a disease of the law, we apply the timely remedy of overruling this contention.'' [2 Hale Pl. Cr. 193.]

Notwithstanding the disposal of all of the objections to the information under precedents respectively applicable to each, all might have been held insufficient and immaterial under the liberal provisions of our Statute of Jeofails, in that none embody any defects or imperfections which tend to the prejudice of the substantial rights of the appellant. [Sec. 5115, R. S. 1909; State v. Sovern, 225 Mo. 589; State v. McConnell, 240 Mo. 272; State v. Massey, 274 Mo. 585; State v. Allen, 267 Mo. 56.]

II. It is contended that there was a failure of proof of a specific intent on the part of appellant to commit the offense with which he was charged. This con-

Intent. tention is based upon the assumption that an assault to maim or in fact any assault denounced in Section 4481 supra, belongs to that class of crimes of which a specific intent to accomplish a particular purpose is an essential element, and for which proof of general malice or criminal intent will not sustain a conviction, and where this rule obtains, that the burden is on the State to establish, either by direct or circumstantial evidence, that the act was done with the requisite specific intent. In such cases, however, it is sufficient to prove facts from which the specific intent may be inferred. Such inference is authorized even in homicide cases from the character of the assault, the use of a deadly weapon and other attendant circumstances. To illustrate: In State v. Wansong, 271 Mo. 1. c. 57, citing many cases, we held, in a case of felonious assault, that the use of a deadly weapon, in the absence of qualifying facts, would authorize a presumption of law as to the murderous intent of the defendant. In State v. Merkel, 189 Mo. 1. c. 319, an embezzlement case, we held that the intent of the defendant necessary to constitute the offense with which he was charged may be inferred from the doing of the wrongful act. In State v. Hall, 85 Mo. 1. c. 673, a

40—281 Mo.

larceny case, a like rule was announced to the effect that the defendant's intent was presumed to be that which was the natural consequence of the offense with which he was charged. In State v. Doyle, 107 Mo. l. c. 44, a case of felonious wounding, an instruction was held proper which told the jury that they might, in the absence of qualifying facts, if they found that the defendant committed the assault with a deadly weapon, infer that he intended to kill.

If the nature of the offense at bar is such as to justify the conclusion that proof of specific intent is necessary to sustain a conviction, then a like rule will apply to the foregoing cases, in which the offenses described are of such a nature as to render like proof necessary. As shown, however, we held affirmatively in these cases that a legal presumption of criminal intent as charged would arise from proof of the unlawful act. To particularize, that proof of an assault would authorize an inference of an intent to kill; and that proof of obtaining and withholding property under the facts in evidece would authorize the inference in the one case of an intent to embezzle and in the other of an intent to steal. The proof in the case at bar shows an assault with a deadly weapon and the infliction of wounds calculated to maim. Measured, therefore, by our former precedents, the act and attitude of the appellant at the time of the offense, his use of a deadly weapon, and the manner in which he inflicted the wounds upon the prosecuting witness (State v. Grant, 144 Mo. 56), are ample to sustain the conclusion that he intended the natural and probable consequences of his act and that an inference of guilty intent as charged was authorized.

While we regard the evidence adduced as sufficient to establish the specific intent with which the offense was committed, a reference to the rule announced in State v. Lentz, 184 Mo. 223, and in earlier cases, in reference to the proof of such intent, is not inappropriate. We there held that "if the statute does not, in creating the offense, couple with the commission of the act a specific intent, but simply makes the commission of the act a

criminal offense, and the act is wrong in itself, the intent may be inferred from the unlawful commission of the act."

The appellant is charged with an assault with intent to maim. The phrase "with intent to maim" is simply descriptive of the character of the offense. The words "to maim," as we held in State v. Nieuhaus, 217 Mo. 332, have no technical meaning and should be construed in their plain ordinary sense; as usually defined, they mean the infliction of some serious bodily injury. The offense as charged, therefore, under a proper construction of the statute, may be designated as a felonious assault. [State v. Brown, 60 Mo. 141; State v. Thompson, 30 Mo. 470.] Thus classified, there is no occasion as required by the rule quoted, for coupling the commission of the act with a specific intent to maim in order to constitute the offense charged. Hence proof of the commission of the felonious assault will authorize the presumption of the criminal intent of the appellant as charged.

III. We have reviewed the record in an effort to ascertain if error was committed in the rulings on the testimony. The liberality of the trial court in the admission of testimony for the prosecution, as well as for the defense, is manifested in the length of the transcript. Much of that admitted was irrelevant and that excluded was of a similar nature. The probative facts for the prosecution were plain and simple. They established the assault and the manner in which it was committed. Proof of the latter was sufficient to authorize the inference of criminal intent as charged. No material facts entitled to serious consideration were offered by the appellant in rebuttal. His defense was mainly technical. This will in a measure afford an explanation, if it does not furnish a reason, for the wide range of the testimony, especially that offered on behalf of appellant. A flood-tide of testimony, in the absence of defensive facts, increases opportunities

Testimony.

for error. Despite this fact we have discovered no ruling upon the testimony which, upon a reasonable interpretation, can be held to have been prejudicial to the defendant.

IV. Our holding as to the sufficiency of the indictment and that of the evidence to sustain the verdict, Instructions. pretermits any discussion as the propriety of the instruction asked by the appellant in the nature of a demurrer to the evidence.

It is contended that the instruction given by the court covering the case was erroneous in the omission therefrom of the words "with malice aforethought." This would have constituted error if the appellant's punishment had been assessed under the statute upon which the information was based. This was not done, however, but in conformity with the instructions which were authorized by the testimony, and under the authority of Section 4904, Revised Statutes 1909, the conviction was for a less offense than that charged, the punishment being assessed at twelve months in the county jail. Appellant, therefore, has no cause of complaint, not only by reason of this statute, but under the rule of more general application, that we will not lend a listening ear to complaints of errors in instructions of a higher degree than that of which the defendant was convicted. [State v. Gibbs, 186 S. W. 986; State v. Hutchison, 186 S. W. 1000; State v. Fleetwood, 190 S. W. 1.]

V. The somewhat voluble rulings of the court during the progress of the trial added opportunities for objections thereto. However, an examination Remarks of of these objections discloses no error either Court and in the remarks of the court or of opposing Counsel. counsel of sufficient materiality to justify our interference.

Accorded a fair trial and escaping with a light punishment, notwithstanding the probative proof of the

crime as charged, to which there was interposed only a technical defense, the appellant has no just cause of complaint. Under such circumstances it becomes our duty to affirm the judgment of the trial court and it is so ordered. All concur.