STATE OF MISSOURI, Respondent, v. JOHN SLOAN, Appellant.

Springfield Court of Appeals, December 5, 1921.

1. **LIBEL AND SLANDER:** Reading of Letter by Three Persons Libeled Therein and Another, Held Sufficient "Publication." A libel charged as in the form of a letter, branding three persons as grossly immoral, and dropped by defendant at a gate leading to the house where the three lived, where it was picked up by one of them, and by another party, *held* sufficient publication, in view of Revised Statutes 1919, section 3615.

2. **INDICTMENT AND INFORMATION:** Term "Unlawful" Held not Necessary in Information for Libel. The term "unlawful," not being used in Revised Statutes 1919, section 3613, defining libel, need not be used in an information charging that offense.

3. ————: Misspelling of Word Libel Held not to Vitiate Information. The use of the word "liberl" for "libel" *held* only a misspelling of the correct word, which could not have been misunderstood by defendant, or his counsel, nor have operated to his injury, so that it did not vitiate the information.

4. ————: Indictment Charging Libel of Three Persons in One Writing. Held not Bad for Duplicity. An information, charging the defendant with libeling three persons in the same writing, by assailing the characters of each in the same way, the publication being necessarily made against each at the same time and by the same means, held to state one offense, and not to be duplicitous, since the defendant could be convicted on proof that the libel applied to one or more of them.

5. **LIBEL AND SLANDER:** Where Indictment Charges Libel of Three Persons in One Writing, the State Need not Elect. Where an indictment charged defendent with libeling three different persons in one letter, the State need not elect which of the three parties named, it would seek to convict defendent of libeling.

State v. Sloan.

Appeal From Howell County Circuit Court.—*Hon. E. P. Dorris*, Judge.

AFFIRMED.

*J. L. Bess* and *O. F. Wayland* for appellant.

(1) The court should have required the State to elect as to which party alleged to have been libeled it would stand on. 210 Mo. 351; 186 Mo. 71; 232 Mo. 213; 62 Mo. App. 112; 148 Mo. 517; 50 Mo. App. 243; 160 Mo. 469.

*B. L. Rinehart* for Respondent.

(1) The courts of this State have repeatedly held that errors complained of must be brought to the attention of the trial court in a motion for a new trial, and before the motion can be made, any part of the record there must be proper exceptions to the action of the court in overruling it, made in due time and the exceptions must be disclosed in the record, otherwise the appeal court can only direct its attention to the record proper. State v. Jay Harres, 216 Mo. 393; State v. Walker, 194 Mo. 375; State v. Irwin, 171 Mo. 558; State v. Parnell, 206 Mo. 723. (2) The statute, which as we understand it, makes the gist of the offense that the act was wilfully and maliciously done and the information closely follows the phraseology of the statute which is sufficient. State v. Davis, 70 Mo. 467; State v. McDaniels, 40 Mo. App. 356; State v. Rosenblatt, 185 Mo. 114; State v. Madden, 81 Mo. 421.

COX, P. J. —Defendant is charged by information with criminal libel and after conviction in the circuit court has appealed to this court. The questions presented for our consideration go to the sufficiency of the information and the proof of publication of the libel.

The libel charged was in the form of a letter in which three parties, to-wit, Monroe Beavers, Mrs. Mon-

208 M. A.—39

roe Beavers and Clara Harbeston are all branded as grossly immoral in language too foul to be inserted here The publication was accomplished by defendant dropping a letter at the gate leading to the house where all three of the parties charged to be libeled lived. There it was picked up by one of the parties and read by all of them and also by one other party. This was a sufficient publication. [R. S. 1919, sec. 3615.]

The objections to the information are that the word "Unlawful" is not used in describing the offense. That the word "libel" is written "liberl" in one place in the information and that it charges three offenses in one count by charging defendant with having libeled three persons in the letter written and published by him.

Since the term "unlawful" is not used in the statute defining libel, it is not necessary to use it in an information charging that offense. [State v. Bray, 1 Mo. 180; McWaters and Salmon v. State, 10 Mo. 168; State v. Schleuter, 110 Mo. App. 7, 83 S. W. 1012.]

As to the use of the word "liberl" for "libel," there is no such word as "liberl" and it is clear that "libel" was intended and "liberl" is only a misspelling of the correct word and could not have been misunderstood by defendant or his counsel and could not have operated to his injury. The mistake therefore did not vitiate the information. [State v. Griffin, 249 Mo. 624, 155 S. W. 432; State v. Morehead, 271 Mo. 84, 195 S. W. 1043; State v. Massey, 274 Mo. 578, 204 S. W. 541; State v. Byrd, 278 Mo. 426, 213 S. W. 35; State v. Foster, 281 Mo. 618, 220 S. W. 958.]

It is next insisted that the information is bad for duplicity in that it charges defendant with libeling three persons in the same writing. After careful consideration, we are of the opinion that this objection is not tenable in this case. While the characters of three persons are assailed in the letter published by defendant in this case, the charge against each is substantially the same. The charges were all made in the same letter, hence the publication was made against each at the same

time and by the same means and we think that but one offense was committed. This being true, defendant could be charged in one count with the libel of all three parties and convicted on proof that the libel applied to one or more of them. [State v. Marlier, 46 Mo. App. 233; Wharton's Criminal Law (10 Ed.), sec. 909; Rex v. Benfield, 97 Eng. Rep. 664.]

Lastly it is contended that the State should have been required to elect as to which of the three parties named in the letter it would seek to convict defendant of libeling. Having reached the conclusion that the information charged but one. offense, it follows that no election was necessary.

The judgment will be affirmed. *Farrington, J.,* and *Bradley, J.,* concur.