**STATE of Missouri, Respondent,**

v.

**Ralph WOODY, Appellant.**

**No. 51357.**

Supreme Court of Missouri,
Division No. 2.

Oct. 10, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, Fielding Potashnick, Pros. Atty., Scott County, Sikeston, Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Jack O. Edwards, James E. Moore III, Sikeston, for appellant.

STOCKARD, Commissioner.

Ralph Woody, charged as an habitual criminal, was found guilty by a jury of an assault with intent to maim, and was sentenced by the court to confinement for a term of five years. He has appealed from the ensuing judgment, and in his brief filed in this court he limits his challenges to the sufficiency of the information and the evidence.

The information alleged that on August 7, 1964 appellant "did * * * willfully, unlawfully and feloniously, assault one Ercell Thompson by striking and beating said Ercell Thompson, causing him great bodily harm with the intent to maim said Ercell Thompson * * *."

Appellant correctly asserts that the above wording of the information is insufficient to allege a violation of § 559.180 (all statutory references are to RSMo 1959, V.A.M.S.) because it does not allege "malice aforethought." State v. Gannaway, Mo., 313 S.W.2d 653. However, the State asserts that the information charges an offense under § 559.190, which in its material parts is as follows:

"Every person who shall be convicted of an assault with intent to kill, or to do great bodily harm, or to commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which

assault is not hereinbefore prescribed, shall be punished * * *."

■ The information charges an assault with an intent to maim, but unlike § 559.180 the intent to maim is not specifically mentioned in § 559.190. The State contends, however, that maiming is a felony, see § 559.210, and constitutes an "other felony", within the meaning of § 559.190. In State v. Hampton, Mo., 256 S.W. 745, an information charged "an assault with the intent * * * to beat, maim, and wound" under what is now § 559.190, and it was held sufficient. Whether the basis for that ruling was that maiming constituted an "other felony" is not clear from the opinion. We are of the opinion that maiming is an "other felony" within the meaning of § 559.190, and that the allegations in the information, while inartfully drawn, are sufficient. However, in addition to the above reason for holding the information sufficient, there is another equally compelling reason. As distinguished from the statutory definition of mayhem, see § 559.200, the words "to maim" have no technical meaning and are to be considered in their ordinary sense, and "as usually defined, they mean the infliction of some serious bodily injury." State v. Foster, 281 Mo. 618, 220 S.W. 958, 960.

In State v. Gillespie, Mo., 336 S.W.2d 677, an information charged an assault "to do great personal injury or bodily harm" with malice aforethought under § 559.180. That section proscribes an assault with intent "to maim" but does not in specific terms proscribe an assault with intent to do "great bodily harm." After citing and quoting from State v. Foster, supra, and State v. Hardy, 359 Mo. 1169, 225 S.W.2d 693, it was specifically held in the Gillespie case that an allegation of an intent to do great personal injury or bodily harm is equivalent to an allegation of an intent to maim, and within the terms of § 559.180. It necessarily follows in this case that the allegation in the information of an intent "to maim" is the equivalent of an allegation

of an intent "to do great bodily harm" within the meaning of that term in § 559.190. For these reasons we conclude and hold that appellant's challenge to the information is without merit.

The remaining contention is that the State failed to sustain its burden of proof in that it failed to prove "essential elements of the offense charged." From the argument portion of appellant's brief we find that the contention is limited to the proposition that the State "failed to show that defendant * * * ever in any way engaged in striking or beating" Ercell Thompson.

From the evidence the jury reasonably could find the following. On August 7, 1964, Mr. Thompson, as jailer of the Scott County jail, opened the door to a cell block to permit three trustees to enter, and a prisoner by the name of Dunlap grabbed Thompson and called for help. Appellant and two other prisoners responded, and together they pulled Thompson into the cell. At this time appellant had a broken broom handle in his hands, and while Thompson's head was being held by Dunlap so that he could not see who struck him, Thompson "felt several blows" on his head. At that time none of the other prisoners had a weapon. In response to a demand from the prisoners, Thompson gave them a key, but it would not unlock the front door. Appellant then told Thompson that if he would give them the key to the front door "we won't hurt you," and when the key was not turned over to them prisoner Smith struck Thompson on the head with an iron pipe. Appellant was present and still had the broom handle in his hands. After the encounter was over Thompson had received several cuts on his head, one which required ten to fourteen stitches to close, and he was hospitalized for a week as the result of his injuries.

■ From these facts a jury reasonably could find that an assault was committed on Thompson with the intent to maim, that is, to inflict great bodily harm. In determining this intent the jury could

consider the nature of the weapon used, the manner of using it, the results of its use, and all the related circumstances giving rise to the incident out of which the charge arose. State v. Gannaway, supra, 313 S.W. 2d at p. 656. Appellant is in error in his contention that the evidence failed to show that he struck or beat Thompson, but that is immaterial. Appellant and his three fellow prisoners, in their assault upon Thompson, were acting with a common purpose. Appellant was present throughout the incident, and in fact he was a leader in the activity. The gravamen of the offense is the assault, and all who act together with a common intent in the commission of a crime are equally guilty, and in this case this would be true even though one or more of the participants may not have actually struck a blow. State v. Allen, Mo., 246 S.W. 946. See also State v. Present, Mo., 344 S.W.2d 9; State v. Mitts, Mo., 347 S.W.2d 677.

An instruction in the usual form was given which advised the jury that all persons are equally guilty who act together with a common intent in the commission of a crime, and that a crime committed by two or more persons acting jointly is the act of all and of each one so acting. No assignment of error as to this instruction is set forth in the motion for new trial, and there is no attempt to challenge it on this appeal.

In addition to the sufficiency of the information, we have examined the other matters of record as required by Criminal Rule 28.02, V.A.M.R., and find no error.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court. All of the Judges concur.